## METROPOLITAN CASUALTY INS CO v DILL

Ohio Appeals, 2nd Dist, Franklin Co
No. 1970.  Decided March 19, 1931

Bennett, Westfall & Bennett, Columbus, for Metropolitan Casualty Insurance Co.

C. L. Corkwell and F. F. Smith, Columbus, for Dill.

**ALLREAD, J.**

The first question is as to the necessity of averring, and, if denied, of proving, that there is a certificate of funds from the Auditor of State.

The petition contains the allegation that Burroughs made a contract with the State of Ohio. This would be equivalent to alleging that all necessary proceedings to make the contract valid were had. It is entirely different where the allegation of the petition shows that the contract was made by some agent or officer of the state without the necessary provisions to make the same valid.

We think these allegations in the petition were sufficient to show that the road contract was properly made and that certificate of funds was issued therefor. This at least called upon the parties to introduce evidence on that subject, and in the absence of evidence, this court would be justified in holding for the plaintiff upon this issue.

**As to the sub-contract claimed in this case:**

It is claimed that the work done by the trucks of the sub-contractor did not enter the cost of the building of the road. The evidence shows that these trucks, together with the men who handled them, were engaged in the hauling of dirt from one point to another in the road.

The decision in the case of **Indemnity Company v Day & Maddox, 114 Oh St, 58,** holds that an item entirely disconnected from the building in question is not the subject matter of a lien. We think the case here is entirely different from the Day & Maddox case. The material hauled went into the construction of the road. The presumption is that the dirt in place was increased in value by the haulage. The owner of the truck was therefore entitled to his claim as sub-contractor. **H. Leet Lumber Company v Insurance Company, 122 Oh St, 439.**

**Special finding of facts:**

The only demand made for the special finding of facts was made by a paper on file in the case. The finding of facts, which we do not find in the record, was then made. There was no additional demand at the time of the trial for an additional finding of facts, and no exception was made at that time to the failure to have an additional finding of facts. **Levi v Daniels, 22 Oh St, 38.**

We reach the conclusion that a further separate finding of facts made as a part of the judgment was waived.

It is urged that no judgment could be rendered against the principal in the present action. It appears from the record that both the principal and the surety were made party to the action in the petition. The principal was not found and the action proceeded against the surety alone. We find that no objection was made in any subsequent proceedings to the absence of the principal, either by motion or otherwise.

An answer was filed by the surety company. The case came on for trial upon the answer, and judgment was rendered against the insurance company.

It is claimed that §11242 GC applies. This section is as follows:

"When a person forfeits his bond or renders his surety liable thereon, the person injured thereby, or who is entitled to the benefit of the security, may bring an action thereon in his own name against the person and his sureties to recover the amount to which he is entitled by reason of the delinquency, which action may be prosecuted on a certified copy of the bond, and a judgment for one delinquency shall not preclude the same, or another, person from bringing an action on the instrument for another delinquency."

This action was brought strictly in conformity to that section. The action was brought and a summons was issued against the defendant, J. A. Burroughs, who was the principal contractor, and also the principal maker of the bond. No service was obtained against Burroughs.

Sec 11299 GC provides that:

"When service has been made on one or more of the defendants, but not on all, a plaintiff may proceed as follows: 1. If the action is against defendants jointly indebted upon contract, against the defendant served, unless the court otherwise directs."

The court did not otherwise direct, and no application was made to the court for a direction under this section of the statute.

It is claimed that the case of **Aucker v Adams & Ford, 23 Oh St 543,** applies. In that case, however, an action was brought against all of the parties to the bond. Service was had on the principal contractor, Clifford, and upon the sureties as well. The death of Clifford did not occur until later on in the case. A judgment by default was taken against David Aucker, one of the sureties. He excepted to the judgment and prosecuted a suit in error. We think this is entirely different from the case at bar. There the sureties upon the contract stood upon an equal basis and the judgment should have been rendered against all of the sureties at the same time.

The Supreme Court held in the case of **Casualty Company v McDiarmid, 116 Oh St 576,** that a bond could be given by a surety without the principal signing the bond, and suit could be brought upon such bond against the sureties only.

It was also held in the case of **Indemnity Company v Guaranty Company, in 100 Oh St 373,** that the surety could be held, notwithstanding the fact that the principal had not been brought into the case either by summons or otherwise.

We are clearly of opinion that this objection was properly overruled.

It was claimed, as one of the grounds for a new trial, that Corkwell, one of the attorneys for the plaintiff in the Court of Common Pleas, wrote a letter, making the claim to the company for damages in the sum of $341.25.

It appears that a later letter was written, in which the amount claimed was stated as $411.00. It was claimed that, under these letters, the court was required to reduce the amount of its judgment to at least the sum of the latter amount fixed in the letters of Mr. Corkwell. These were not brought into the trial, but were presented on motion for new trial. We are of opinion that the court was not bound to reduce the judgment because of these letters, but might take the aggregate amount of the claims contained in both letters. See **Surety v Schmitt, 117 Oh St 28.**

We have examined all of the questions presented, and we are of opinion that the judgment of the Court of Common Pleas as finally rendered should be affirmed.

Judgment accordingly.

HORNBECK and KUNKLE, JJ, concur.